IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ALEX JACQUEKEFFEE CARTER, #63956                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 1:10-cv-416-LG-RHW

MARK JOSEPH, et al.                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983.  The named Defendants are: Mark Joseph and Wendell Johnson, Detectives with the City of Gulfport Police Department; Lee Seymour and Kenneth Chandler, Officers with the City of Gulfport Police Department; and Darin Corrie, Rob Enochs, and Chad Sims, Sergeants with the City of Gulfport Police Department.  On September 20, 2010, the Court entered an Order [6] directing the Plaintiff to file a written response to provide specific information regarding his claims.  Plaintiff filed his Response [9] on October 25, 2010.  Upon review of the Plaintiff's Complaint and Response [9] the Court has reached the following conclusions.

**I. Background**

Plaintiff states that on February 16, 2009, he was taken to the hospital for a gunshot wound, by another individual who had a firearm and drugs in his vehicle.  Plaintiff asserts that he was arrested on March 13, 2009, based on a "coerced" confession he provided to Detectives Joseph and Johnson in the recovery room of the hospital on February 17, 2009.  Plaintiff complains that the named Defendants failed to arrest the owner and operator of the

vehicle, who was also a convicted felon, for the firearm and drugs.  Specifically, Plaintiff claims that Officers Seymour and Chandler were aware of the driver's past convictions and should have arrested him at the time of the stop and not involved Detectives Joseph and Johnson in the case.  Hence, he would not have given a "coerced" confession to the Detectives.  Plaintiff further complains that Sergeants Corrie, Enochs and Sims, as supervisors, should have ordered the arrest of the driver or arrested him themselves.  Plaintiff contends that the Defendants' actions violated his Due Process rights because he was "compelled" to be a witness against himself.

As a result of this arrest, Plaintiff was convicted of two counts of possession of a controlled substance with intent, and one count of unlawful possession of a firearm by a convicted felon, in the Harrison County Circuit Court on March 16, 2010.  Plaintiff is currently incarcerated serving a total of seventeen-years in the custody of MDOC for these convictions. As relief, Plaintiff seeks monetary damages for his "mental anguish" and "punitive damage," along with six-months of incarceration for each named Defendant. Compl. [1] at 4; Resp. [9] at 7.

## II.  Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)is frivolous or malicious;
        (ii)fails to state a claim on which relief may be granted; or
        (iii)seeks monetary relief against a defendant who is immune from

claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991). *See also Neitzke*, 490 U.S. at 325; *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* Since Plaintiff was granted *in forma pauperis status*, § 1915(e)(2), applies to this case. As discussed below, Plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983, at this time.

Plaintiff's claims are precluded by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court addressed whether a claim for monetary damages

---

such relief.

which essentially challenges a plaintiff's conviction or imprisonment is cognizable under

42 U.S.C. § 1983.  The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that
> relationship to a conviction or sentence that has not been so invalidated is not
> cognizable under § 1983.

*Id.* at 486-87 (footnotes omitted). *See also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir.

1994).

      If the Court were to find in Plaintiff's favor and determine that his constitutional rights

were violated by the Defendants' failure to arrest someone else and by his allegedly "coerced

confession," it would necessarily imply the invalidity of his current convictions and resulting

term of imprisonment.  Plaintiff has failed to demonstrate that his convictions have been

"reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's issuance of

a writ of habeas corpus, 28 U.S.C. § 2254."  *Id* at 487.  Plaintiff clearly states that he does not

have "any type of appeal" pending regarding the convictions and sentences responsible for

his current incarceration.  Resp. [9] at 2.  Thus, Plaintiff's claims for monetary damages are

barred by *Heck v. Humphrey*, at this time.

## III.  Conclusion

      As discussed above, Plaintiff's claims for monetary damages are not cognizable under

4

42 U.S.C. § 1983, at this time.  Thus, Plaintiff's claims will be dismissed as legally frivolous, with prejudice.  *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996)(holding claims dismissed pursuant to *Heck* are properly dismissed as frivolous until the *Heck* conditions are met);  *Johnson v. McElveen*, 1010 F. 3d 423, 424 (5th Cir. 1996) (holding claims barred by *Heck* are properly dismissed with prejudice "until the *Heck* conditions are met").

Since this case will be dismissed as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), it will be counted as a "strike."  If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and he will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 19th day of January, 2011.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE